■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LARRY STEPHEN LEISER, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 6, 1970, convicting him of sexual abuse in the third degree, upon a jury verdict, and imposing a three months' sentence. Judgment reversed, on the law and in the interests of justice, and indictment dismissed. Defendant was indicted for sodomy in the second degree and sexual abuse in the second degree. At the trial, the victim testified that those offenses had been committed. The trial court correctly charged that defendant could not be convicted of those offenses unless there was corroboration of the victim's testimony. However, the court submitted sexual abuse in the third degree to the jury as a possible alternative verdict and, with respect to that offense, incorrectly charged that corroboration was unnecessary and the jury could find defendant guilty of it even if the victim's testimony was uncorroborated. The jury then acquitted defendant of sodomy and sexual abuse in the second degree and found him guilty of sexual abuse in the third degree. In our opinion this conviction cannot stand. As the victim's testimony was that sodomy and sexual abuse in the second degree had been committed, and corroboration of the victim's testimony is required with respect to those offenses, it was error to charge the jury that defendant could be convicted of sexual abuse in the third degree without any corroboration of the victim's testimony (*People* v *Doyle,* 26 N Y 2d 752, affg. 31 A D 2d 490). It is clear that this error was seriously prejudicial and .probably was the basis for the verdict, since the jury acquitted defendant of all charges on which they had been instructed that corroboration was required and con-

victed him only of the charge on which they had been instructed that cor-. roboration was not required. Under these circumstances, we believe defendant's failure to except to this part of the charge should be overlooked and the judgment should be reversed in the interests of justice (Code Crim. Pro., § 542). We further believe that dismissal of the indictment, rather than a new trial, is here warranted for these reasons: As defendant was acquitted of sodomy and sexual abuse in the second degree, he cannot now be retried on those counts (*People* v. *Ressler,* 17 N Y 2d 174). The only offense he can now be retried on is sexual abuse in the third degree (a Class B misdemeanor with a maximum sentence of three months) and he has already been subjected to 10 months' pretrial confinement awaiting the trial of this case. Hence, the fair and pragmatic disposition of this case is reversal and dismissal of the indictment, rather than reversal and a new trial. Rabin, P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.